IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv130

| | | |
|---|---|---|
| JOY FELTON and BRITTANY N. MACE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND RECOMMENDATION |
| J IVERSON RIDDLE DEVELOPMENTAL CENTER, et al., | ) ) ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 15]. Plaintiffs brought this action against Defendants asserting federal claims pursuant to Title VII of the Civil Rights Act of 1964, as well as various state law claims. Defendants move to dismiss a number of the claims. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 15].

**I.     Background**

Plaintiff Felton was employed by Defendant J. Iverson Riddle Development Center ("J. Iverson") for over twelve years until she terminated her employment in 2013. (Pls.' Am. Compl. ¶ 9.) Plaintiff Mace has been employed by Defendant J. Iverson for over five years. (Id. ¶ 10.) Defendant J. Iverson is

-1-

under the supervision, direction, and control of Defendant North Carolina Department of Health and Human Services ("DHHS"), a North Carolina State Agency.  (Id. ¶¶ 12-13.)  Defendant Luke Boone was Plaintiffs' supervisor and acted as the agent and employee of Defendant J. Iverson and Defendant DHHS.  (Id. ¶ 14.)  Plaintiffs allege that they were both sexually harassed by Defendant Boone.  (Id. ¶¶ 15-48.)  The Amended Complaint asserts claims against Defendant Boone in both his official and individual capacities.  (Id. ¶ 14.)

Subsequently, Plaintiffs brought this action asserting a number of claims against Defendants.  Counts One and Two assert Title VII claims against Defendants J. Iverson and DHHS.  (Id. ¶¶ 49-59.)  Count Three asserts a wrongful discharge claim under North Carolina law against Defendants J. Iverson and DHHS.  (Id. ¶¶ 60-3.)  Count Four asserts an intentional infliction of emotional distress claim against all Defendants.  (Id. ¶¶ 64-68.)  Count Five asserts a negligent infliction of emotional distress claim against all Defendants.  (Id. ¶¶ 69-72.)  Count Six asserts an assault claim against Defendant Boone.  (Id. ¶¶ 73-9.)  Count Seven asserts a negligent retention claim against Defendants J. Iverson and DHHS.  (Id. ¶¶ 80-85.)

Defendants then moved to dismiss several of the claims in the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Specifically, Defendants move to dismiss the state law claims asserted against Defendants J. Iverson and DHHS and all the claims asserted against Defendant Boone in his official capacity. The District Court referred the motion to this Court for a Memorandum and Recommendation. Accordingly, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

Pursuant to Rule 12(b)(1), a court may dismiss an action where the court lacks subject matter jurisdiction. Plaintiff bears the burden of demonstrating that the Court has subject matter jurisdiction. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction by bringing a Rule 12(b)(1) motion to dismiss, the Court may regard the pleadings as mere evidence and may also consider evidence outside the pleadings. In re IBR, Inc. v. Burn Pit. Litig., 744 F.3d 326, 333 (4th Cir. 2014). But, where a defendant only makes a facial challenge to the existence of subject matter jurisdiction, "the plaintiff is afforded the same procedural protections as he would be accorded when faced with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Namely, all alleged facts are taken as true and the motion will be denied if the complaint alleges facts that, if proven, would

be sufficient to sustain jurisdiction." Lutfi v. U.S., 527 F. App'x 236, 241 (4th Cir. 2013) (unpublished).

### III. Analysis

Defendants move to dismiss all the state law claims against Defendants J. Iverson and DHHS, as well as the official capacity claims asserted against Defendant Boone on the ground that the claims are barred by the doctrine of sovereign immunity. Defendants do not move to dismiss the Title VII claims asserted against Defendants J. Iverson and DHHS or the individual capacity claims asserted against Defendant Boone.

As a threshold matter, the official capacity claims asserted against Defendant Boone are actually claims against the State. White v. Trew, 366 N.C. 360, 363 (N.C. 2013); Harwood v. Johnson, 326 N.C. 231, 238 (N.C. 1990); Green v. Kearney, 690 S.E.2d 755, 762 (N.C. Ct. App. 2010); Epps v. Duke Univ., Inc., 468 S.E.2d 846, 850 (N.C. Ct. App. 1996). The doctrine of sovereign immunity, however, generally shields the State of North Carolina from suit unless the State has consented or waived its immunity from suit. White, 736 S.E.2d at 168; Ray v. N.C. Dep't of Transp. 727 S.E.2d 675, 678 (N.C. 2012). "Unless waived this protection extends to state agencies." Ray, 727 S.E.2d at 678.

The North Carolina General Assembly has partially waived the State's

sovereign immunity with respect to certain tort claims. Teachy v. Coble Dairies, Inc., 293 S.E.2d 182, 185 (N.C. 1982); Wood v. N.C. State Univ., 556 S.E.2d 38, 42 (N.C. Ct. App. 2001). By enacting the Tort Claims Act, the General Assembly partially waived the State's sovereign immunity "by consenting to direct suits brought as a result of negligent acts committed by its employees in the course of their employment." Teachy, 293 S.E.2d at 185; Alston v. N.C. A&T State Univ., 304 F. Supp. 2d 774, 783 (M.D.N.C. 2004). Thus, the Tort Claims Act constitutes a waiver of sovereign immunity for torts based on the negligent acts of State employees acting within the scope of their employment. White, 736 S.E.2d at 168.

A plaintiff, however, may not bring a direct action based on the negligent acts of a State employee in any forum he or she chooses. See Teachy, 293 S.E.2d at 185. Rather, a plaintiff must bring such claims before the North Carolina Industrial Commission. Id.; Wood, 556 S.E.2d at 42; Kawai Am. Corp. v. Univ. of N.C. at Chapel Hill, 567 S.E.2d 215, 217-18 (N.C. Ct. App. 2002); Alston, 304 F. Supp. 2d at 783; Hooper v. N.C., 379 F. Supp. 2d 804, 814 (M.D.N.C. 2005); see also Parks v. N.C. Dep't of Public Safety, No. 5:13-CV-75-BR, 2014 WL 32064, at *6 (E.D.N.C. Jan. 6, 2014) (unpublished). Finally, the State has not waived sovereign immunity for intentional torts. White, 736 S.E.2d at 168; Kawai, 567 S.E.2d at 218. Accordingly, all the state law torts asserted against Defendants J.

Iverson and DHHS, as well as the official capacity claims asserted against Defendant Boone, are subject to dismissal pursuant to Rule 12(b)(1).[1] The Court, therefore, **RECOMENDS** that the District Court **GRANT** the Motion to Dismiss [# 15].

IV. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 15], and **DISMISS** all the state law claims asserted against Defendants J. Iverson and DHHS, as well as the state law claims asserted against Defendant Boone in his official capacity. The Title VII claims and the individual capacity state law claims against Defendant Boone remain pending before the Court.

Signed: March 6, 2015

Dennis L. Howell
United States Magistrate Judge

---

1   A wrongful discharge claim is a tort subject to sovereign immunity. Paquette v. Cnty. of Durham, 573 S.E.2d 715, 718 (N.C. Ct. App. 2002) ("A claim for wrongful discharge in violation of public policy is a tort claim.").

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).