UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00130-MOC-DLH

| | | |
|---|---|---|
| BRITTANY N. MACE | ) | |
| JOY FELTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| LUKE BOONE | ) | |
| NORTH CAROLINA DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES | ) | |
| J. IVERSON RIDDLE DEVELOPMENTAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed and plaintiffs are represented by counsel.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections

that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#18) is **AFFIRMED,** defendants' Motion to Dismiss (#15) under Rule 12(b)(1) for lack of subject matter jurisdiction is **GRANTED,** and all state law claims asserted herein against Defendants J. Iverson and DHHS, and all state law claims asserted against Defendant Boone in his official capacity, are **DISMISSED** without prejudice.

Plaintiffs' Title VII claims and the individual capacity state law claims against Defendant Boone remain pending and shall move forward in this court. As issues have now joined, the parties shall conduct an IAC and file a CIAC and proposed PTO within the

times provided by the Local Civil Rules.

Signed: April 14, 2015

Max O. Cogburn Jr
United States District Judge